IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
Appeal Nos. 23-2244 & 23-2263
Civil Action No. 1:22-CV-221 MR-WCM

| | |
|---|---|
| JAMES BRADLEY OWEN<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER M. GOODWIN, BENJAMIN HAWKINS, JACOB TIPTON, NICHOLAS A. NEWELL, LOWELL S. GRIFFIN, CHARLES S. MCDONALD, and HENDERSON COUNTY NORTH CAROLINA<br><br>Defendants. | SETTLEMENT AGREEMENT AND RELEASE |

This Settlement Agreement and Release ("Agreement") is entered into by and between James Bradley Owen ("Plaintiff") on the one hand, and Christopher M. Goodwin ("Goodwin"), Benjamin Hawkins, Jacob Tipton ("Tipton"), Nicholas A. Newell ("Newell"), Lowell S. Griffin, Charles S. McDonald, and Henderson County, North Carolina (collectively, "Defendants") on the other hand. The term "Parties" shall be used when referring collectively to Plaintiff and Defendants. The term "Party" shall refer to Plaintiff or any Defendant when appropriate.

### RECITALS

WHEREAS, on August 11, 2018, Plaintiff was arrested by deputies of the Henderson County Sheriff's Office (the "Incident").

WHEREAS, Plaintiff was subsequently charged and convicted of three felony counts of assaulting a law enforcement officer with a firearm arising from the events preceding his arrest on August 11, 2018.

WHEREAS Plaintiff sued the Defendants under federal and state causes of action, for 1) unreasonable arrest; 2) assault and battery; 3) unlawful deprivation of property; 4) trespass to chattel; 5) punitive damages; and 6) municipal liability, and WHEREAS Goodwin filed a counterclaim against Plaintiff for Assault, and WHEREAS Tipton and Newell filed a counterclaim for assault and battery (the "Lawsuit").

WHEREAS the Court granted summary judgment to Defendants and dismissed all of Plaintiff's claims.

WHEREAS the Court granted Goodwin summary judgment on the issue of liability on his counterclaim for assault.

WHEREAS Newell voluntarily dismissed his counterclaim against Plaintiff prior to trial.

WHEREAS Goodwin and Tipton proceeded to trial against Plaintiff for their remaining counterclaims.

WHEREAS a jury awarded $40,000.00 to Goodwin in compensatory damages and awarded $0.00 dollars to Tipton.

WHEREAS Plaintiff filed an appeal currently pending in the Fourth Circuit Court of Appeals, Case No. 23-2244.

WHEREAS Goodwin and Tipton filed a cross appeal currently pending in the Fourth Circuit Court of Appeals, Case No. 23-2263

WHEREAS, Plaintiff and Defendants desire and agree to resolve all matters of dispute between them on the terms and conditions set forth herein (the "Agreement").

NOW THEREFORE, in consideration of the foregoing, and other good and valuable consideration, receipt of which is hereby acknowledged, Plaintiff and Defendants agree as follows:

**1. Release of All Claims by Plaintiff Against the Defendants, and All Counterclaims by Defendants.** Plaintiff, on behalf of himself and his executors, administrators, heirs, successors, and assigns hereby irrevocably releases and forever discharges the Defendants, including their officers, directors, employees, agents, representatives, attorneys, insurers, successors and assigns of and from any and all causes of action, demands, lawsuits, expenses, losses, costs, attorneys fees, and claims for damages (including but not limited to claims for compensatory, consequential, incidental, and punitive damages) of any nature whatsoever, in law or equity, specifically including claims arising from known or unknown acts or omissions by or on behalf of Defendants which in any way relate to the Incident, specifically including the Lawsuit, as well as claims that could have been brought in the Lawsuit. Plaintiff acknowledges that if he later discovers facts different from or in addition to those which he now knows or believes to be true regarding the causes of the Incident, or any injuries or damages sustained by the Plaintiff allegedly resulting therefrom, that this Agreement shall remain effective in all respects. This provision does not apply to any potential future claims for breach or enforcement of this Agreement.

Likewise, all Defendants on behalf of themselves and their executors, administrators, heirs, successors, and assigns hereby irrevocably release and forever discharge Plaintiff, including their officers, directors, employees, agents, representatives, attorneys, insurers, successors and assigns of and from any and all causes of action, demands, lawsuits, expenses, losses, costs, attorneys fees, and claims for damages (including but not limited to claims for compensatory, consequential, incidental, and punitive damages) of any nature whatsoever, in law or equity, specifically including claims arising from known or unknown acts or omissions by or on behalf of Plaintiff which in any way relate to the Incident, specifically including the Lawsuit, as well as claims that could have

been brought in the Lawsuit. Defendants acknowledge that if they later discover facts different from or in addition to those which they now know or believe to be true regarding the causes of the Incident, or any injuries or damages sustained by any of the Defendants allegedly resulting therefrom, that this Agreement shall remain effective in all respects. This provision does not apply to any potential future claims for breach or enforcement of this Agreement.

**2. The Settlement Amount.** In consideration of the foregoing, and the mutual promises contained herein, on or before March 31, 2024, Plaintiff shall pay to Goodwin the sum of twenty thousand dollars and zero cents ($20,000.00) to resolve Goodwin's counterclaim against Plaintiff. Plaintiff shall also pay to non-party Sedgwick Inc. the sum of five thousand dollars and zero cents ($5,000.00) for certain costs incurred by Sedgwick Inc. associated with the aforementioned trial. For the convenience of the Parties, Counsel for the Parties will communicate and effectuate payment on or before March 31, 2024 by a mutually agreed upon means of transferring the monies owed. If the Parties cannot agree to the method of transferring payment by March 21, 2024, certified check will be the method of effectuating payment, to be sent to addresses for Goodwin and Sedgwick Inc. as listed in a separate email to Plaintiff's counsel. No other payment is owed to Plaintiff or any Defendants, or by or to any other non-party, in consideration of this Agreement. The Parties acknowledge the legal sufficiency and legal adequacy of the consideration set forth in this Agreement. No lien for attorneys' fees has been or will be asserted by counsel for any Party for any services rendered in this matter.

**3. Dismissal of The Claims.** Concurrently with the execution of this Agreement, Plaintiff and counsel for the Defendants shall execute and file a Joint Motion to Dismiss the Appeal and Cross Appeal, effectuating a dismissal of all claims and counterclaims for all Parties with prejudice, with each of the Parties to bear their own costs (including attorneys' fees). Counsel for Defendants will file the Joint Motion to Dismiss the Appeal and Cross Appeal to the Court within

seven (7) calendar days after Plaintiff has executed the Agreement and provided it to Defendants' counsel.

**4. Settlement is Not Proof of Liability.** Each of the Parties acknowledge that this Agreement represents the settlement of disputed causes of action, considering the cost and uncertainties of litigation. This Agreement may not be used as evidence of an admission of liability or lack of liability on the causes of action. The Parties expressly acknowledge that Plaintiff and each of the Defendants deny all liability on all claims and counterclaims.

**5. Costs and Fees in the Event of a Breach of the Agreement**. Both Plaintiff and Defendants agree that this Agreement will be governed by the laws of North Carolina and is binding and enforceable on all Parties. In the event a Party is alleged to have breached this agreement, the prevailing party shall recover all reasonable costs and attorney's fees. The Parties agree that "attorney's fees" may include the reasonable time spent by Plaintiff or Defendants to enforce this Agreement in the event of a breach. The Parties will be required to keep records of any costs and fees, including attorneys' fees, spent to enforce this agreement in the event of an alleged breach.

**6. Non-Harassment and Non-Disparagement**. The Parties agree to refrain from harassing or disparaging the opposing or other Party or Parties.

**7. No Assignment of Claims**. The Parties warrant and represent that they have not sold, assigned, conveyed, pledged, encumbered or otherwise in any way transferred to any person or entity any claim released herein.

**8. No Third-Party Beneficiaries.** The Parties agree that this Agreement is intended to benefit only the Parties hereto, and that there are no third parties or non-parties (with the exception of Sedgwick Inc., as stated in Paragraph 2 of this Agreement) who are intended to benefit from this Agreement.

**9. Recitals.** The statements in the "WHEREAS" clauses are part of this Agreement and not mere recitals.

**10. Final Agreement.** This Agreement shall operate as a final settlement and disposition of all disputes between the Parties. This Agreement supersedes all prior agreements, negotiations and understandings, whether oral or written, between the Parties. No promise, agreement, statement or representation, not expressed herein, has been made or relied upon to resolve the dispute between the Parties.

**11. No Oral Modification.** No provision of this Agreement can be waived, modified, amended or supplemented except in a writing signed by each Party or an authorized representative of each Party.

**12. Severability.** In the event that any provision of this Agreement shall be found to be void or invalid for any reason, except numbered paragraphs 1, 2 and/or 3, then such portion or provision shall be deemed severable from the remaining provisions of this Agreement and shall not affect the validity of the remaining provisions, which shall be given full effect as if the void or invalid provision had not been included herein.

**13. Understanding This Agreement.** The Parties agree that they are entering into this Agreement freely and voluntarily and after due thought and consideration of all the relevant facts and circumstances regarding the resolution of the claims and disputes described in this Agreement. Each of the Parties has been represented by counsel in the conduct of the Lawsuit, and the negotiation and execution of this Agreement. The Parties acknowledge that they have read this Agreement fully, they understand it, and they assent to it.

**14. Descriptive Headings.** The descriptive headings of the several sections and paragraphs of this Agreement are inserted for convenience only and are not intended to constitute a part of this Agreement or to affect the meaning or interpretation of this Agreement.

**15. Governing Law.** This Agreement shall be governed by the law of the State of North Carolina, or the laws of the United States as is proper based on the claims being settled, and jurisprudence at the time of the execution of this Agreement.

**16. Agreement Product of Negotiation; No Drafter.** This Agreement is the result of extended negotiations between the Parties and is entered into in good faith. Thus, the Parties agree that no Party shall be deemed the drafter of any provision of this Agreement and that the rules of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be used in the interpretation of this Agreement.

**17. Counterparts.** This Agreement may be executed by counterparts or by duplicate originals, each of which shall be construed as an original.

**18. Effective Date.** This Agreement shall become effective upon its execution by all the Parties.

[SIGNATURES ON PAGE 8 OF AGREEMENT]

Appeal Nos. 23-2244 & 23-2263, Settlement Agreement and Release

PLAINTIFF:

*[signature]*

James Bradley Owen

Date: 3/26/2024

DEFENDANTS:

_____
Christopher M. Goodwin

Date: _____

_____
Virgil Hollingsworth (on behalf of Sedgwick, Inc., and Defendants other than Goodwin)

Date: _____

*[signature]*

Mary Ann J. Hollocker
N.C. State Bar No. 47812
Stephen P. Lindsay
N.C. State Bar No. 13017
**LINDSAY LAW, PLLC**
46 Haywood Street, Suite 200
Asheville, North Carolina 28801
Telephone: 828-349-6400
maryann@lindsaylaw.org
spl@lindsaylaw.org

AND

Nicholas A. White
N.C. State Bar #53661
Hendersonville Rd, Ste 307
Asheville, N.C. 28803
(828) 229-5000
nwhite@kinglawoffices.com

*Attorneys for the Plaintiff*

_____
Alexander J. Buckley
N.C. State Bar No. 53403
Sean F. Perrin
N.C. State Bar No. 22253
**WOMBLE BOND DICKINSON (US) LLP**
301 South College Street, Suite 3500
Charlotte, North Carolina 28202-6037
Telephone: 704-350-6373
Alex.Buckley@wbd-us.com
Sean.Perrin@wbd-us.com

*Attorneys for Defendants*

8

PLAINTIFF:

_____
James Bradley Owen

Date: _____

DEFENDANTS:

_____
Christopher M. Goodwin

Date: _____

*[signature]*
Virgil Hollingsworth (on behalf of Sedgwick, Inc., and Defendants other than Goodwin)

Date: 03/18/24

*[signature]*
Alexander J. Buckley
N.C. State Bar No. 53403
Sean F. Perrin
N.C. State Bar No. 22253
**WOMBLE BOND DICKINSON (US) LLP**
301 South College Street, Suite 3500
Charlotte, North Carolina 28202-6037
Telephone: 704-350-6373
Alex.Buckley@wbd-us.com
Sean.Perrin@wbd-us.com

*Attorneys for Defendants*

Mary Ann J. Hollocker
N.C. State Bar No. 47812
Stephen P. Lindsay
N.C. State Bar No. 13017
**LINDSAY LAW, PLLC**
46 Haywood Street, Suite 200
Asheville, North Carolina 28801
Telephone: 828-349-6400
maryann@lindsaylaw.org
spl@lindsaylaw.org

AND

Nicholas A. White
N.C. State Bar #53661
Hendersonville Rd, Ste 307
Asheville, N.C. 28803
(828) 229-5000
nwhite@kinglawoffices.com

*Attorneys for the Plaintiff*

exception of Sedgwick Inc., as stated in Paragraph 2 of this Agreement) who are intended to benefit from this Agreement.

**9. Recitals.** The statements in the "WHEREAS" clauses are part of this Agreement and not mere recitals.

**10. Final Agreement.** This Agreement shall operate as a final settlement and disposition of all disputes between the Parties. This Agreement supersedes all prior agreements, negotiations and understandings, whether oral or written, between the Parties. No promise, agreement, statement or representation, not expressed herein, has been made or relied upon to resolve the dispute between the Parties.

**11. No Oral Modification.** No provision of this Agreement can be waived, modified, amended or supplemented except in a writing signed by each Party or an authorized representative of each Party.

**12. Severability.** In the event that any provision of this Agreement shall be found to be void or invalid for any reason, except numbered paragraphs 1, 2 and/or 3, then such portion or provision shall be deemed severable from the remaining provisions of this Agreement and shall not affect the validity of the remaining provisions, which shall be given full effect as if the void or invalid provision had not been included herein.

**13. Understanding This Agreement.** The Parties agree that they are entering into this Agreement freely and voluntarily and after due thought and consideration of all the relevant facts and circumstances regarding the resolution of the claims and disputes described in this Agreement. Each of the Parties has been represented by counsel in the conduct of the Lawsuit, and the negotiation and execution of this Agreement. The Parties acknowledge that they have read this Agreement fully, they understand it, and they assent to it.

**14. Descriptive Headings.** The descriptive headings of the several sections and paragraphs of this Agreement are inserted for convenience only and are not intended to constitute a part of this Agreement or to affect the meaning or interpretation of this Agreement.

**15. Governing Law.** This Agreement shall be governed by the law of the State of North Carolina, or the laws of the United States as is proper based on the claims being settled, and jurisprudence at the time of the execution of this Agreement.

**16. Agreement Product of Negotiation; No Drafter.** This Agreement is the result of extended negotiations between the Parties and is entered into in good faith. Thus, the Parties agree that no Party shall be deemed the drafter of any provision of this Agreement and that the rules of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be used in the interpretation of this Agreement.

**17. Counterparts.** This Agreement may be executed by counterparts or by duplicate originals, each of which shall be construed as an original.

**18. Effective Date.** This Agreement shall become effective upon its execution by all the Parties.

[SIGNATURES ON PAGE 8 OF AGREEMENT]

| PLAINTIFF: | DEFENDANTS: |
|---|---|
| James Bradley Owen | Christopher M. Goodwin |
| Date: _____ | Date: 03/09/2024 |
| | |
| | Virgil Hollingsworth (on behalf of Sedgwick, Inc., and Defendants other than Goodwin) |
| | Date: _____ |
| Mary Ann J. Hollocker | |
| N.C. State Bar No. 47812 | |
| Stephen P. Lindsay | |
| N.C. State Bar No. 13017 | Alexander J. Buckley |
| **LINDSAY LAW, PLLC** | N.C. State Bar No. 53403 |
| 46 Haywood Street, Suite 200 | Sean F. Perrin |
| Asheville, North Carolina 28801 | N.C. State Bar No. 22253 |
| Telephone: 828-349-6400 | **WOMBLE BOND DICKINSON (US) LLP** |
| maryann@lindsaylaw.org | 301 South College Street, Suite 3500 |
| spl@lindsaylaw.org | Charlotte, North Carolina 28202-6037 |